UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RENEE DIAZ**                                               **CIVIL ACTION**

**VERSUS**                                                   **NO: 13–4958**

**DWAYNE GUYNES, ET AL**                                     **SECTION: "H"(3)**

### ORDER AND REASONS

Before the Court is Defendant Dwayne Guynes's Motion to Dismiss (Doc. 55). For the following reasons, the Motion is GRANTED. Plaintiff's section 1983 claims against Guynes are DISMISSED WITH PREJUDICE, and Plaintiff's state law claims against Guynes are DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Plaintiff's Complaint paints an alarming picture of the egregious abuse she allegedly suffered at the hands of former Jefferson Parish Sheriff's Deputy Dwayne Guynes. Plaintiff alleges that she began a romantic relationship with Guynes in 2009. Shortly after Plaintiff and Guynes began dating, Guynes began

1

to behave in an abusive and controlling manner. The Complaint describes several years of severe domestic abuse, including at least one incident in which then-deputy Guynes violently raped Plaintiff at gunpoint while on duty. Plaintiff further alleges that Guynes enlisted the assistance of the Jefferson Parish Sheriff's Office to keep Plaintiff from reporting his illegal conduct. Plaintiff contends that Guynes repeatedly told her that no law enforcement office would ever take her complaints seriously because Guynes was a police officer himself. Plaintiff alleges that, despite these warnings, she attempted to report some of Guynes more outrageous behavior only to discover that Guynes's warnings were accurate. Plaintiff alleges that various members of the Jefferson Parish Sheriff's Office discouraged her from reporting Guynes, assisted Guynes in harassing and intimidating her, and threatened to pursue charges against her if she reported Guynes. Finally, in July of 2010, Plaintiff obtained a protective order restricting Guynes from contacting her. Plaintiff claims that Guynes was not deterred by the protective order and that he violated it on several occasions. Plaintiff also alleges that the Jefferson Parish Sheriff's Office refused to enforce the order on at least one occasion.

On July 1, 2013, Plaintiff filed the instant suit asserting claims pursuant to 42 U.S.C. § 1983 and state law. Guynes now moves to dismiss the suit against him as time barred.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough

facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7]

## LAW AND ANALYSIS

Defendant's primary argument is that Plaintiff's claims against him are time-barred because they were brought outside of the limitations period for section 1983 actions. When Congress enacted section 1983 it neglected to

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

[4] *Iqbal*, 556 U.S. at 667.

[5] *Id.*

[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[7] *Lormand*, 565 F.3d at 255–57.

provide a limitations period for claims brought pursuant to the statute.[8] Federal courts have filled this gap by borrowing state-law limitations periods.[9] Thus, Louisiana's law of prescription applies to Plaintiff's claims.[10] The parties, however, disagree regarding which Louisiana prescriptive period applies. Defendant contends that the one-year period provided for in Civil Code article 3492 applies, while Plaintiff urges the Court to apply the two-year period contained in article 3493.10.

Article 3492 applies generally to most torts committed in Louisiana.[11] Article 3493.10 applies to all torts that, by their nature, also constitute acts of violence as that term is defined in Louisiana's criminal statutes.[12] Plaintiff argues that many of Guynes's alleged actions constitute crimes of violence and that, accordingly, the Court should apply the prescriptive period contained in article 3493.10. The Supreme Court has provided guidance specifically applicable to this dispute.

In *Owens v. Okure*, the plaintiff alleged that he had been wrongfully arrested and severely beaten by two law enforcement officers.[13] The lawsuit was filed approximately 22 months after the alleged incident.[14] The officers moved

---

[8] *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).

[9] *Owens v. Okure*, 488 U.S. 235, 239 (1989).

[10] *Elzy v. Roberson*, 868 F.2d 793, 794 (1989).

[11] La. Civ. Code. art. 3492 cmt. (b) ("The one year prescription applies to all delictual actions. . . . The notion of delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence.").

[12] La. Civ. Code. art. 3493.10.

[13] *Owens*, 488 U.S. at 574–75.

[14] *Id.* at 575.

4

to dismiss the suit, arguing that it had been filed outside of New York's one-year statute of limitations that applied to certain intentional torts, including battery and false imprisonment.[15] The officers urged the district court to apply the one-year statute because the conduct to which the statute applied was most analogous to the claims brought in the suit.[16] The district court disagreed and instead applied New York's generally applicable three-year statute of limitations.[17] Because the suit had been filed within the three-year period, the court declined to dismiss the suit.[18]

The Supreme Court affirmed.[19] In reaching the decision, the Court explained that the primary goal of statutes of limitations is to create predictability in the law.[20] Thus, the Court reasoned, in states that provide multiple limitations periods for different torts, district courts should select a single statute of limitations and apply it to all section 1983 claims equally.[21] In order to create uniformity and predictability, the Court instructed district courts to select the statute that provides the general or residual limitations period for personal injury actions.[22] In Louisiana, the generally applicable prescriptive period is found in article 3492. Therefore, all section 1983 claims brought in

---

[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at 576.
[20] *Id.*
[21] *Id.* at 578.
[22] *Id.* at 580.

Louisiana are subject to a one-year prescriptive period.[23]

The Court must dismiss Plaintiff's claims against Guynes. None of Plaintiff's allegations regarding Guynes occurred within one year of the filing of this suit. This suit was filed on July 1, 2013. All of Guynes's alleged conduct occurred prior to July 1, 2012. The last allegation Plaintiff makes as to Guynes occurred on June 14, 2012, more than one year before this suit was filed. Accordingly, Plaintiff's claims against Guynes are prescribed.

Plaintiff relies on two jurisprudential doctrines to overcome prescription: *contra non valentem* and the continuing tort doctrine. The Court will address each in turn.

1) *Contra Non Valentem*

The doctrine of *contra non valentem* provides that prescription does not run against a plaintiff where, *inter alia*, the "[defendant] himself has done some act effectually to prevent the [plaintiff] from availing himself of his cause of action."[24] *Contra non valentem* is an exceptional doctrine and is narrowly interpreted.[25]

Plaintiff asserts that Guynes's repeated abuse and promises that no law enforcement agency would assist her prevented Plaintiff from filing this suit

---

[23] *Savoy v. St. Landry Parish Council*, No. 08-CV-232, 2009 WL 4571851, at *3 (W.D. La. Dec. 1, 2009); *Winstel v. City of Shreveport*, No. 12-2617, 2013 WL 4888614, at *4 (W.D. La. Sept. 11, 2013).

[24] *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010). *Contra non valntem* also applies in several other situations. *Id*. Plaintiff does not contend that any of the other applications of *contra non valentem* are applicable in this case.

[25] *Wilson v. Hargroder*, 46 F.3d 67 (5th Cir. 1995).

against him. Assuming, without deciding, that Guynes's actions were severe enough to permit Plaintiff to invoke *contra non valentem* in this case, Plaintiff's own allegations demonstrate that Guynes's ability to prevent her from filing this suit had waned prior to July 1, 2012. Specifically, Plaintiff admits that she obtained a protective order against Guynes in 2010.[26] Plaintiff's petition for the protective order reveals that the order was based on conduct similar, if not identical to, the conduct complained of in this case.[27] Thus, even assuming that Guynes prevented Plaintiff from filing suit before the protective order was issued, Plaintiff can not demonstrate that Guynes's influence continued past July 8, 2010, the date she filed the petition for the protective order. Thus, *contra non valentem* could, at best, delay the commencement of prescription until July 8, 2010, well more than one year before this suit was filed. Accordingly, *contra non valentem* does not render Plaintiff's claims timely.

    2) Continuing Tort

While Plaintiff frames her continuing tort argument as a question of state law, "the continuing-tort doctrine is one of accrual and thus a question of federal, rather than state, law."[28] A continuing-tort claim does not accrue until the tort has ceased.[29] "Typically, courts have found torts to be continuous in nature where each individual act would not necessarily give rise to a cause of action; but instead, the cumulative effect of regularly-occurring or continuous actions

---

[26] *See* Doc. 43-3 (Plaintiff's petition for protective order).

[27] *Id.*

[28] *Broussard v. Brown*, No. 14-30825, 2015 WL 1543123, at *1 (5th Cir. Apr. 8, 2015).

[29] *Id.*

7

results in successive damages from day to day."[30]  Plaintiff's claims against Guynes do not constitute a continuing tort.  While she alleges a pattern of abuse perpetrated by Guynes, each of her allegations is sufficient to give rise to a separate claim.  Furthermore, Plaintiff does not allege that Guynes committed any act against her after June 14, 2012.  Thus, even assuming that Guynes's actions prior to that date constituted a continuing tort, prescription on Plaintiff's claims would have run on June 14, 2013, several weeks before she filed this suit.  Accordingly, the continuing tort doctrine does not apply in this case.

As the Court has explained, Plaintiff's section 1983 claims against Guynes are prescribed and must be dismissed.  Furthermore, the Court will decline to exercise jurisdiction over Plaintiff's state law claims against Guynes.  When all federal claims are dismissed or otherwise eliminated before trial, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims.[31]  In deciding whether to continue exercising jurisdiction, courts should consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[32]

Having considered the relevant factors, the Court declines to exercise supplemental jurisdiction.  This matter is still in its infancy.  The parties' pre-trial efforts have been directly almost exclusively toward the pending

---

[30] *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000).

[31] *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999); *Petroleum v. Dresser Indus.*, 962 F.2d 580, 585 (5th Cir. 1992).

[32] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

8

dismissal motions. Given the relative infancy of this matter, the Court is not intimately familiar with the facts. Thus, declining to exercise supplemental jurisdiction at this juncture is consistent with the principles of judicial economy, convenience, and fairness to the parties.[33] Therefore, Plaintiff's state law claims against Guynes are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Guynes's Motion to Dismiss is GRANTED. Plaintiff's section 1983 claims against Guynes are DISMISSED WITH PREJUDICE, and Plaintiff's state law claims against Guynes are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 27th day of April, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[33] *See Id.* at 228.