UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RENEE DIAZ                                           CIVIL ACTION


VERSUS                                               NO: 13-4958


DWAYNE GUYNES, ET AL                                 SECTION: "H"(3)


ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 110).  For the
following reasons, the Motion is **GRANTED**.


BACKGROUND

## I. Factual Background

Plaintiff's Complaint paints an alarming picture of the egregious abuse
she allegedly suffered at the hands of former Jefferson Parish Sheriff's Deputy
Dwayne Guynes.  Plaintiff alleges that she began a romantic relationship with
Guynes in 2009.  Shortly after Plaintiff and Guynes began dating, Guynes
began to behave in an abusive and controlling manner.  Plaintiff contends that

1

various members of the JPSO facilitated or aided in the abuse.  The Complaint describes several years of severe domestic abuse.

Plaintiff brought claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against various members of the Jefferson Parish Sheriff's Office for their alleged role in facilitating Defendant Guynes's pattern of abuse.  Plaintiff alleges that Defendants Fox, Kinler, Pierce, and Platt failed to properly supervise Guynes, allowing his pattern of abuse to continue.  Plaintiff further alleges that Jefferson Parish Sheriff Newell Normand failed to properly discipline or terminate abusive officers and failed to implement proper policies to protect individuals such as herself.  She further alleges that Sheriff Normand had knowledge of the abuse inflicted on her by Guynes and failed to act to remedy the situation.   Plaintiff also brought claims against Defendants Linden Schmidt, Lawrence Matthews, Brent Baldassaro, and Jamal Cook arising from an incident at an IHOP in September of 2012 and an alleged false arrest on February 2, 2013.

## II. Procedural History

The procedural history of this matter is long and meandering. Plaintiff filed her initial pro se Complaint on July 1, 2012.  She first enrolled counsel on February 19, 2014.   Following a protracted delay in effecting service, a scheduling order was entered on July 20, 2014.  Defendant Guynes filed his first Motion to Dismiss on August 29, 2014.  The Court held a status conference on September 25, 2014, at which time it denied this motion without prejudice in order to give Plaintiff the opportunity to amend her Complaint with the aid of Counsel.   Because Plaintiff did not timely amend her Complaint, the scheduling order was vacated at a December 4, 2014 status conference. Plaintiff finally amended her Complaint on January 12, 2015.  On February 3,

2

2015, Defendant Guynes filed a Motion to Dismiss on grounds of prescription, which the Court granted on April 27, 2015.  During the pendency of that Motion, the Court held a status conference and set a discovery deadline of October 1, 2015, a pretrial conference date of November 5, 2015, and a trial date of November 30, 2015.

On May 27, 2015, against the advice of her counsel, Plaintiff filed a pro se notice of appeal regarding this Court's order dismissing her claims against Defendant Guynes.  This ultimately led to the withdrawal of her counsel on September 22, 2015.  Plaintiff has appeared pro se since that time. Accordingly, the Court vacated the scheduling order and directed the remaining defendants to file any dispositive motions.  On November 7, 2015, Defendants Robert Fox, Emmit Pierce, Michael Kinler, Ronald Pratt, and Sheriff Newell Normand moved for dismissal of Plaintiff's claims against them. The Court granted this Motion in part, leaving the following as the only remaining claims: claims against Defendants Linden Schmidt, Lawrence Matthews, Brent Baldassaro, and Jamal Cook arising from the incident at IHOP in September of 2012 and an alleged false arrest on February 2, 2013, Plaintiff's Section 1983 claims against the JPSO and Newell Normand, and Plaintiff's state law negligence claims against the JPSO and Newell Normand.

The Court held another status conference on April 8, 2016, at which time the discovery deadline was set for August 26, 2016.  The Court stressed that Plaintiff was obligated to comply with the rules of discovery.  Nevertheless, on April 29, 2016 Plaintiff requested an extension of time in which to answer discovery.  The Court granted this request, giving Plaintiff until May 23, 2016 to respond to Defendants' written discovery.  Plaintiff failed to meet this deadline, instead requesting a further extension on June 27, 2016.  The next

day, Defendants moved to continue the trial and pretrial deadlines because Plaintiff had not responded to their discovery requests. The Court granted this Motion on August 1, continuing all pretrial deadlines but withholding ruling on the request to continue the trial date until the August 18, 2016 status conference.

At the August 18 conference, the Court ordered Plaintiff to respond to Defendants' interrogatories within 15 Days. The court also set a discovery deadline of November 18, 2016, a pretrial conference date of January 26, 2017, and a trial date of February 13, 2017. The Court also cautioned Plaintiff that further failure to comply with the rules of discovery and the orders of this Court would result in dismissal of her case. The Court also advised her that only those claims that had survived the earlier motions to dismiss could be pursued in this action.

## LAW AND ANALYSIS

Defendants have moved to dismiss Plaintiff's claims pursuant to Rule 41(b) based primarily on her continued failure to meaningfully participate in discovery relative to her remaining claims. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[1] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2] Since the

---

[1] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986).

plaintiff in this case is in proper person, it is apparent that this Court must weigh her actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3] A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

Defendants argue that Plaintiff's conduct is sufficient to warrant dismissal. A dismissal with prejudice will be affirmed only upon a showing of (1) a clear record of delay or contumacious conduct by the plaintiff and (2) that lesser sanctions would not serve the best interests of justice.[5] Generally speaking, a court should also look to the presence of one or more aggravating factors, including the extent to which the plaintiff is personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.[6]

As outlined above, Plaintiff has been wholly uncooperative in the discovery process, to Defendants' prejudice. This Court set multiple deadlines for Plaintiff to respond to Defendants' straightforward interrogatories relative to her claims. Plaintiff failed to meet these deadlines for months. When Plaintiff did finally respond to Defendants' discovery, her responses were wholly inadequate. Though the Court has made clear that Plaintiff's claims are now limited to those delineated as surviving Defendants' Motions to Dismiss, she has steadfastly refused to limit her responses to those claims. Instead, she has provided Defendants with a putative witness list listing more

---

[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F.Supp. 633, 637 (S.D. Tex. 1994).

[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

[5] *Id.*

[6] *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

than 67 individuals and organizations, yet fails to provide the basis or subject matter of their testimony despite Defendants' requests for the same.  This has made it nearly impossible for Defendants to conduct any meaningful investigation into Plaintiff's claims. As Plaintiff has represented herself for much of this litigation, it is clear that she is personally responsible for this delay.

The Court also finds that lesser sanctions would not suffice.  In light of Plaintiff's pro se status, this Court has held frequent in-court status conferences in an effort to ensure Plaintiff understood her obligations under the Federal Rules of Civil Procedure.  Despite these efforts, Plaintiff has utterly failed at every turn to comply with both her discovery obligations and the orders of this Court.  The Court has been more than accommodating of Plaintiff's pro se status.  At some point, however, these accommodations must yield to the Defendants' interest in resolving this now three-year-old matter. It would be highly prejudicial to Defendants to force them to continue to incur legal fees in this action in face of Plaintiff's contumacious conduct. Accordingly, dismissal is warranted.

## CONCLUSION

For the forgoing reasons, Defendant's Motion is **GRANTED.**  Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 10th day of January, 2017.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6